IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Charles R. Barksdale, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   10 C 2992 |
| | ) | |
| West Asset Management, Inc., a Delaware corporation, | ) ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Charles R. Barksdale, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for those violations, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Charles R. Barksdale ("Barksdale"), is a citizen of the State of Florida, from whom Defendant attempted to collect a delinquent consumer debt, owed for a Barclay's Bank credit card, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, West Asset Management, Inc. ("West"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, West was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Barksdale.

5. From Defendant West's offices in Tinley Park, Illinois, and thirteen other states, it operates a nationwide debt collection business, and attempts to collect delinquent debts from consumers in virtually every state, including consumers in the State of Illinois. See, West's web-site materials, attached as Exhibit A.

6. Defendant West is licensed to do business in the State of Illinois, and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit B. In fact, Defendant West conducts business in Illinois.

7. Defendant West is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit C. In fact, Defendant West acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

8. Mr. Barksdale is a senior citizen who fell behind in paying his bills. One such debt he was unable to pay was a debt he owed for a Barclay's Bank credit card. This debt became delinquent, and eventually, Defendant West began collection actions relative to that debt. Accordingly, Mr. Barksdale sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program -- a nationwide program to protect seniors and disabled persons in

financial difficulties, where those persons have virtually no assets, and their limited income is protected from collections.

9. On March 10, 2010, one of Mr. Barksdale's LASPD attorneys informed defendant West, in writing, that Mr. Barksdale was represented by counsel, and directed West to cease contacting him, and to cease all further collection activities, because Mr. Barksdale was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and the fax confirmation are attached as Exhibit D.

10. Nonetheless, Defendant West sent a collection letter, dated March 16, 2010, directly to Mr. Barksdale, demanding payment of the Barclay's Bank debt. A copy of this letter is attached as Exhibit E.

11. Moreover, Defendant West has made repeated telephone calls to Mr. Barksdale's ex-wife's telephone number, demanding that Mr. Barksdale contact West.

12. Accordingly, on April 14, 2010, Mr. Barksdale's LASPD attorney had to send Defendant West another letter, directing it to cease communications and to cease collections. Copies of this letter and the fax confirmation are attached as Exhibit F.

13. All Defendant West's collection actions at issue occurred within one year of the date of this Complaint.

14. Defendant West's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

17. Here, Plaintiff Barksdale's LASPD attorney told Defendant West, in writing, to cease communications and cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment, Defendant West violated § 1692c(c) of the FDCPA.

18. Defendant West's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21. Defendant West knew that Mr. Barksdale was represented by counsel in connection with his debts because his attorneys had informed West, in writing (Exhibit D), that he was represented by counsel, and had directed Defendant West to cease directly communicating with Mr. Barksdale.  By directly contacting Mr. Barksdale, via the March 16, 2010 letter (Exhibit E), and placing numerous calls to his ex-wife's telephone

4

number, despite being advised that he was represented by counsel, Defendant West violated § 1692c(a)(2) of the FDCPA.

22. Defendant West's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Charles R. Barksdale, pray that this Court:

1. Find that Defendant West's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Barksdale, and against Defendant West, for actual and statutory damages, costs, and reasonable attorneys' fees, as provided for by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Charles R. Barksdale, demands trial by jury.

Charles R. Barksdale,

By: /s/ David J. Philipps______
One of Plaintiff's Attorneys

Dated: May 14, 2010

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road., Suite One
Palos Hills, Illinois 60465
(708) 974-2900 (PHONE)/(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com